UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE WRIGHT,<br><br>      Petitioner,<br><br>   v.<br><br>JERRY BROWN,<br><br>      Respondents. | Case No.: 1:15-cv-01640-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant petition was filed on July 13, 2015, in the U.S. District Court for the Northern District of California, and transferred to this Court on October 28, 2015. (Docs. 1; 9).

**DISCUSSION**

A.   Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after

1

an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

Petitioner alleges he is being held in pre-hearing commitment pursuant to California's Sexually Violent Predator Act. Petitioner alleges that California's SVPA law is fatally flawed because (1) the California Department of State Hospitals has initiated policies requiring its evaluators to fraudulently contend that patients are subject to the SVPA and that these policies were "designed to fail" and do not actually determine the likelihood that a SVP designee is "likely" to commit sexual offenses. (Doc. 1, p. 40). Petitioner also alleges that the DSH staff disregard evidence that individuals charged as SVP's do not suffer from serious mental issues such that they are likely to commit sexual crimes in the future. (Id.). Petitioner alleges that these flawed policies have deprived him of his liberty and have subjected him to the possibility of a "second" trial on his prior sexual offenses in violation of the Double Jeopardy Clause of the U.S. Constitution. (Id., p. 42).

B. Younger Abstention.

Generally the writ of habeas corpus will not extend to one awaiting trial unless special circumstances exist such that there is an absence of state processes effective to protect a federal right. See Ex parte Royall, 117 U.S. 241, 245–254, 6 S.Ct. 734, 29 L.Ed. 868 (1886); Fay v. Noia, 372 U.S. 391, 420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), *overruled* in part by Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Federal courts will not interfere with pending state criminal proceedings unless the petitioner has exhausted all state court remedies with respect to the claim raised. See Mannes v. Gillespie, 967 F.2d 1310, 1311–1312 (9th Cir.1992).

A federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-45 (1971); Samuels v. Mackell, 401 U.S. 66, 68- 69 (1971).[1] Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions

---

[1] Although Petitioner does not expressly ask for injunctive relief in his petition, in the portion of the form petition where a petitioner should describe his claims, Petitioner directs the Court to his state petition, which requests only that the state court "get involved" in the case and intervene in what Petitioner's describes as a discriminatory prosecution. The only conclusion the Court can draw from such language is that Petitioner is seeking injunctive relief of the type proscribed by Younger.

and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. Middlesex County Ethics Committee v. Garden State Bar Assoc., 457 U.S. 423, 431 (1982); Dubinka v. Judges of Superior Court of State of California, Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994); Lebbos v. Judges of Superior Court, Santa Clara, 883 F.2d 810, 813 (9th Cir.1989). The Younger doctrine stems from this longstanding public policy against federal court interference with state court proceedings. Younger, 401 U.S. at 43. Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment. Younger, 401 U.S. at 46, 53-54 (holding that the cost, anxiety and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 225-26 (9th Cir. 1994). Nor is federal injunctive relief to be used to test the validity of an arrest or the admissibility of evidence in a state criminal proceeding. Perez v. Ledesma, 401 U.S. 82, 83-85 (1971).

The Ninth Circuit follows a three-prong test espoused by the Supreme Court to determine whether abstention under the Younger doctrine is appropriate. Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Delta Dental Plan of California, Inc. v. Mendoza, 139 F.3d 1289, 1294 (9t Cir.1998); Dubinka, 23 F.3d at 223.

If these three requirements are met, the Court must also consider whether any of the narrow exceptions to the Younger abstention doctrine apply. The Court need not abstain if the state court proceedings were undertaken for bad faith or for purposes of harassment or the statute at issue is "flagrantly and patently violative of express constitutional prohibitions." Dubinka, 23 F.3d at 223, 225; Lebbos, 883 F.2d at 816. The extraordinary circumstances exception recognizes that a federal court need not abstain when faced with a statute that is flagrantly unconstitutional in every clause. Dubinka, 23 F.3d at 225.

The first requirement is satisfied here because the state proceedings have not concluded. Indeed, it does not appear that a civil commitment trial has even been commenced in the state court or that Petitioner has been found to be a SVP the State of California. Petitioner does not dispute that at the

1  time the petition was filed, state SVPA proceedings were ongoing. For purposes of Younger abstention,
2  the critical determination is whether state proceedings were underway at the time the federal action was
3  filed, and state proceedings are deemed ongoing for purposes of Younger abstention until state
4  appellate review is completed. Steffel v. Thompson, 415 U.S. 452, 462, 94 S.Ct. 1209, 39 L.Ed.2d 505
5  (1974); Gilbertson v. Albright, 381 F.3d at 969 n. 4.  It appears undisputed that Petitioner's SVPA trial
6  has not yet occurred as of the filing of the petition, and Petitioner has not presented his constitutional
7  claims to the California Supreme Court.
8       The second requirement is satisfied because an important state interest, that of not having the
9  federal courts interfere in state criminal proceedings by precluding a prosecution, is at issue. See
10 Dubinka, 23 F.3d at 223. Finally, the third requirement is met because Petitioner can address his federal
11 constitutional claims related to the allegedly illegal conduct of the DSH and prosecutors in the state
12 court civil SVP proceedings.
13      Petitioner argues that "irreparable injury will result" if the state proceedings continue because
14 he will be subjected to a second trial on prior sex convictions that would violate the Double Jeopardy
15 Clause.  (Doc. 1, p. 66).  However, the cost, anxiety, and inconvenience of presenting a defense are not
16 the kind of special circumstances or irreparable harm that justify federal court intervention.  Younger,
17 401 U.S. at 46, 53-54.  Where a district court finds Younger abstention appropriate as to a request for
18 declaratory or injunctive relief, the court may not retain jurisdiction, but must dismiss. Judice v. Vail,
19 430 U.S. 327, 348 (1977); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988).  The rationale of
20 Younger applies throughout appellate proceedings, requiring that state appellate review of a conviction
21 be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592,
22 607-11 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time of the
23 abstention decision, state court proceedings are still considered pending).
24      Here, it now seems apparent that Plaintiff is seeking to have the Court intervene in an ongoing
25 state civil SVP proceeding.  This is precisely the type of circumstance to which the Younger doctrine
26 was intended to apply.  Petitioner has not established that any exception to Younger abstention is
27 applicable in this case, i.e., that the state court proceedings were undertaken for bad faith or for
28 purposes of harassment.  Dubinka, 23 F.3d at 223 & 225; Lebbos, 883 F.2d at 816.  Indeed, the state

civil proceedings are currently pending, and Petitioner can raise his concerns within the context of those state court proceedings or on appeal at the conclusion of the SVP hearing.

**ORDER**

For the foregoing reasons, the Court DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be **DISMISSED** for lack of exhaustion and for Younger abstention.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed **within 10 days** (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 3, 2015**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE